UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICROSOFT CORPORATION,

        Plaintiff,

    v.

BIOGY, INC.,

        Defendant.

Case No.  25-cv-04957-AMO

**ORDER DENYING MOTION TO DISMISS**

Re: Dkt. No. 12

Plaintiff Microsoft Corporation ("Microsoft") brings this action seeking a declaration of patent non-infringement.  Defendant Biogy, Inc.'s ("Biogy") motion to dismiss was heard before this Court on November 6, 2025.  Having read the papers filed by the parties and carefully considered their arguments therein and those made at the hearing, as well as the relevant legal authority, the Court hereby DENIES Biogy's motion for the following reasons.

I.      BACKGROUND

Biogy is the owner of United States Patent No. 7,669,236 ("the '236 Patent"), entitled "Determining Whether to Grant Access to a Passcode Protected System."  Compl. (Dkt. No. 1), Ex. A.  The '236 Patent issued on February 23, 2010, and generally relates to a method of issuing passcodes that are only valid for a limited time.  Such passcodes are sometimes referred to as Time-Based One-Time Passcodes, which is often abbreviated as "TOTP" or "TOTPs."  Such systems are commonly used as one form of multi-factor or two-factor authentication.

After the application that matured into the '236 Patent was filed, an industry trade group promulgated a standard relating to the issuance of a particular type of TOTP passcodes.  The standard Internet Engineering Task Force RFC 6238 (the "RFC 6238 Standard") sets forth a specific method to generate TOTP codes.  *See* Berten Decl., Ex. 1.  Biogy asserts that passcodes

United States District Court
Northern District of California

issued in compliance with the RFC 6238 Standard infringe at least claims 5, 12, 14, and 24 of the '236 Patent. Biogy does not assert that all TOTP passcodes infringe the '236 Patent; it has only asserted that passcodes issued to users in conformance with the RFC 6238 Standard infringe the patent. *See, e.g.*, Berten Decl. ¶ 6; Dkt. No. 1-2 at 3 ("To the extent Albertson's use of two-factor authentication is using one-time passcodes that comply with the TOTP standard, that use infringes the '236 Patent."); *see also* Berten Decl., Ex. 2 (Complaint in Albertson's Action) ¶ 16 ("The specific solution[s] claimed in the claims of the '236 Patent do not claim the entire field of 'multi-factor authentication' or 'two factor authentication.' For example, there are other methods for multifactor authentication that do not involve sending temporary one-time passcodes that are created using a passcode generator that perturbs.").

On April 24, 2024, counsel for Biogy sent to Microsoft's customer Albertsons Companies, Inc. ("Albertson's") a "Notice of Infringement Letter" regarding the '236 Patent and Albertson's suspected use of the RFC 6238 Standard for TOTPs. Compl. ¶ 26; *see also id.*, Ex. B (Dkt. No. 29-2). The letter included a claim chart mapping the '236 Patent to the TOTP RFC 6238 Standard and cited an example of an Albertson's temporary one-time passcode. Compl., Ex. C (Dkt. No. 29-3). Albertson's never responded to the letter. Berten Decl. ¶ 13. After Albertson's ignored Biogy's letter for nearly six months, on October 17, 2024, Biogy filed an action for infringement of the '236 Patent against Albertson's Companies, *Biogy, Inc. v. Albertsons Companies, Inc. et al.*, No. 2:24-cv-00838 (E.D. Tex.) (the "Albertson's Action"). Berten Decl. ¶ 14; *see also* Compl. ¶ 13.

Microsoft brings this action for declaratory relief of non-infringment based at least in part on Biogy's letter-writing campaign to enforce the '236 Patent against its customers. *See generally* Compl. Okta, Inc. ("Okta") brings a similar action seeking a declaration of non-infringement of the '236 Patent. *See Okta, Inc. v. Biogy, Inc.*, N.D. Cal. Case No. 3:25-cv-3329. The Court related the two cases and heard Biogy's identical motions to dismiss in a single hearing. *See* Dkt. Nos. 13, 30. The Court issues its order in the Okta action this same day.

## II.    DISCUSSION

Biogy moves to dismiss the declaratory relief action for lack of subject matter jurisdiction – Biogy asserts that Microsoft lacks Article III standing.  The Court sets forth the legal standard for assessing a motion under Federal Rule of Civil Procedure 12(b)(1) before turning to the parties' arguments.

### A.    Legal Standard

The law of the Federal Circuit governs "review as to whether an actual controversy exists under the Declaratory Judgment Act when the underlying merits of an action involve patent infringement and/or validity." *Microchip Tech. Inc. v. Chamberlain Grp., Inc.*, 441 F.3d 936, 940 (Fed. Cir. 2006).  However, for the standards to assess legal issues that are not patent specific, such as the standards applicable for analyzing Rule 12(b)(1) motions, the district court still relies on the law of the regional circuit – here, the Ninth Circuit.  *Mitek Sys., Inc. v. United Servs. Auto. Ass'n*, 139 F.4th 1340, 1347 (Fed. Cir. 2025) ("*Mitek II*").

Motions to dismiss pursuant to Federal Rule of Procedure 12(b)(1) challenge a court's subject matter jurisdiction and may be facial or factual.  A facial attack presumes the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Facial attacks are reviewed akin to Rule 12(b)(6) motions in that all allegations of the complaint are taken as true, and all reasonable inferences are drawn in favor of the plaintiff.  *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990).  A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373 F.3d at 1039).  In resolving a factual challenge, once the defendant contests the truth of the plaintiff's factual allegations, the plaintiff has the burden to support its allegations with competent proof.  *Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944 (9th Cir. 2021) (quoting *Leite*, 749 F.3d at 1121).  In resolving such a challenge, when the "jurisdictional issues are 'intertwined with an element of the merits of the plaintiff's claim,' the court must treat the motion like a motion for summary judgment and 'leave the resolution of material factual disputes to the trier of fact.' " *Bowen v.*

*Energizer Holdings, Inc.*, 118 F.4th 1134, 1143 (9th Cir. 2024) (quoting *Leite*, 749 F.3d at 1122). But when allegations relating to standing are "separable from the merits of the case," the court is free to "resolv[e] factual disputes if necessary." *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1057 n.2 (9th Cir. 2023).

### B.    Patent Infringement

Under the Declaratory Judgment Act, courts only have jurisdiction over matters that present an "actual controversy." 28 U.S.C. § 2201(a). "[T]he phrase 'case of actual controversy' in the Act refers to the types of 'Cases' and 'Controversies' that are justiciable under Article III of the Constitution." *MedImmune v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted). An Article III controversy may exist where a party seeks a declaration that its product does not infringe a patent. *See, e.g.*, *Danisco U.S. Inc. v. Novozymes A/S*, 744 F.3d 1325, 1330 (Fed. Cir. 2014). It is the plaintiff's burden to show an actual controversy existed at the time the declaratory action was filed. *AIDS Healthcare Found., Inc. v. Gilead Scis., Inc.*, 890 F.3d 986, 990 (Fed. Cir. 2018). "[L]ater events may not create jurisdiction where none existed at the time of filing." *GAF Building Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 483 (Fed. Cir. 1996).

A "case of actual controversy" is one that is "substantial . . . between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Allied Min. Prods., Inc. v. Osmi, Inc.*, 870 F.3d 1337, 1139 (Fed. Cir. 2017) (quoting *MedImmune*, 549 U.S. at 127). The dispute must be "definite and concrete," not based on "a hypothetical state of facts." *Id.* at 1339, 1341. Courts must determine whether "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127. The Federal Circuit has explained that "jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some affirmative act by the patentee." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1339 (Fed. Cir. 2008) (citation omitted). In essence, a controversy exists where a patentee's actions "can be reasonably inferred as demonstrating intent to enforce a patent." *UCP Int'l Co. Ltd. v.*

United States District Court
Northern District of California

4

*Balsam Brands Inc.*, 787 F. App'x 691, 700 (Fed. Cir. 2019). Specifically, declaratory judgment jurisdiction requires "both (1) an affirmative act by the patentee related to the enforcement of his patent rights" directed at the plaintiff and "(2) meaningful preparation to conduct potentially infringing activity." *Finisar Corp. v. Capella Photonics, Inc.*, No. 20-cv-07629-EMC, 2021 WL 810227, at *4 (N.D. Cal. Mar. 3, 2021).

Given that declaratory judgment jurisdiction requires "some affirmative act by the patentee" to enforce its patents against the plaintiff, a plaintiff's "fear of a future infringement suit is insufficient to confer jurisdiction." *Allied Min.*, 870 F.3d at 1139. There is no bright-line rule that any particular conduct is either necessary or sufficient for a showing of an affirmative act. *Proofpoint, Inc. v. InNova Pat. Licensing, LLC*, 2011 WL 4915847, at *3 (N.D. Cal. Oct. 17, 2011). For example, while "[a]n affirmative act requires more than a communication from a patent owner to another party," *Finisar*, 2021 WL 810227 at *4, "direct communication between a patentee and a declaratory plaintiff is not necessary to confer standing," *Arris Grp., Inc. v. Brit. Telecomms. PLC*, 639 F.3d 1368, 1378 (Fed. Cir. 2011); *see also UCP Int'l*, 787 F. App'x at 700 ("[J]urisdiction does not turn on whether the patentee specifically communicated with the declaratory judgment plaintiff.").

Through two opinions invoked in the papers here, the Federal Circuit somewhat recently considered a district court's exercise of jurisdiction over an action in which a plaintiff sought a declaratory judgment establishing its non-infringement of the defendant's patent. *See Mitek Sys., Inc. v. United Servs. Auto. Ass'n*, 34 F.4th 1334, 1343 (Fed. Cir. 2022) ("*Mitek I*"); *Mitek Sys., Inc. v. United Servs. Auto. Ass'n*, 139 F.4th 1340, 1347 (Fed. Cir. 2025) ("*Mitek II*"). In *Mitek I*, the Federal Circuit reversed and remanded the lower court's determination that the plaintiff lacked standing to pursue such declaratory relief on the basis that the lower court failed to fully assess the existence of a dispute between the parties, the scope of the plaintiff's indemnification obligations to its customers arising from the potentially infringing product, and a declination of jurisdiction. *Mitek I*, 34 F.4th at 1341-48. In *Mitek II*, after the district court permitted jurisdictional discovery and conducted a more exacting analysis of the plaintiff's purported basis for standing, the Federal Circuit affirmed dismissal for lack of jurisdiction. *Mitek II*, 139 F.4th at 1348-53. Notably, the

United States District Court
Northern District of California

court stated that a determination of whether the declaratory judgment plaintiff "reasonably might be liable for infringement requires 'look[ing] to the elements of the potential cause of action' and considering both the patent claims at issue and the alleged facts concerning Mitek and its customers in light of those elements." *Id.* at 1343 (citing *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 903-05 (Fed. Cir. 2014)).  Further, the *Mitek II* court identified that district courts are required to consider whether there exist allegations by the patentee establishing a "reasonable potential" that infringement claims could be brought against the plaintiff, including under each of the separate types of infringement.  *Mitek II*, 139 F.4th at 1343.[1]  Finally, the *Mitek II* court considered and affirmed the district court's determination that, even if a live controversy existed, it would decline to exercise jurisdiction over the declaratory judgment action as a matter of discretion.  *Id.* at 1355-57.

A party who "makes, uses, offers to sell, or sells" a patented invention "without authority" directly infringes a patent.  35 U.S.C. § 271(a).  To state a claim for direct infringement, a plaintiff must plead facts that give the alleged infringer fair notice of the claim and the accused misconduct.  *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

Here, Biogy's alleged infringement "claim charts" included in "Notice of Infringement" letters sent to Microsoft's customers explicitly accuse them of infringing by using TOTPs. Compl. ¶¶ 26-32; *cf. SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381-83 (Fed. Cir. 2007) (holding there is  a "substantial controversy" warranting declaratory judgement jurisdiction where a patentee "assert[ed] rights" through written accusations of infringement). Biogy's motion to dismiss does not dispute or acknowledge Biogy's identification of Microsoft's source code as alleged evidence of infringement in Biogy's claim charts.  Further, Biogy alleges that Microsoft's products use RFC 6238 to generate one-time passcodes, and Biogy also alleges that all such uses of RFC 6238 infringe the '236 Patent.  Compl. ¶¶ 30-31, 38-39.  Indeed, even

---

[1] At the hearing, counsel for both sides confirmed that the Court need not address each of the potential theories of patent infringement in making this assessment – if Plaintiffs establish standing to pursue direct patent infringement, for example, the Court need not also address standing to pursue theories of indirect infringement.  The Court thus only considers direct infringement here.

United States District Court
Northern District of California

the exhibits Biogy cites in its motions to dismiss establish that Biogy has charged infringement in this form. *Compare, e.g.*, Compl. ¶ 29 *with* Dkt. No. 12-5 at 6-8 (supporting the allegation that Biogy's counsel alleged that use of "the algorithm standardized at RFC 6238 infringe[s] the patent"). Biogy's motion concedes that Microsoft's complaint "allege[s] that Biogy asserts that" the one-time passcodes issued by Microsoft comply with the standard that Biogy accuses of infringement. Mot. at 7. Microsoft thus properly alleges that Biogy accuses it of directly infringing the '236 patent. Biogy's letter writing campaign alleging patent infringement establishes Microsoft's standing to proceed in this declaratory relief action.

### C.      Defense and Indemnity Obligations

Declaratory judgment plaintiffs may establish that a live case or controversy exists where indemnity agreements create a "reasonable potential" for their indemnification liability. *See Mitek II*, 139 F.4th at 1345-47 (citing *Mitek I*, 34 F.4th at 1346) (focusing on whether there was "a 'reasonable potential' of [the declaratory judgment plaintiff's] indemnification liability, with that potential giving [the declaratory judgment plaintiff] the required concrete stake in litigating the underlying customers' freedom from infringement liability to [the patent holder]").

Here, Microsoft alleges in the Complaint that "[m]ultiple Microsoft customers have made indemnity requests to Microsoft, requesting that Microsoft defend and indemnify these customers against Biogy's infringement allegations." Compl. ¶ 34. "Biogy's infringement allegations against Microsoft's customers are effectively accusations that Microsoft itself allegedly infringes the '236 patent, both directly . . . and indirectly[.]" Compl. ¶ 37. In its opposition brief, Microsoft identifies Ameritas as a customer that received a Biogy letter and seeks indemnification. *See* Dkt. No. 23 at 7. Microsoft provides the letter that Biogy sent to Ameritas and the Microsoft Customer Agreement ("MCA") between Microsoft and Ameritas containing Microsoft's obligation to provide a defense against third-party claims. *See* Dong Decl. ¶¶ 2-4, Exs. A-B; *see also* Compl. at ¶ 35. Under "Defense of third-party claims," the contract states that Microsoft will "defend . . . against the third-party claims described in this section and will pay the amount of any resulting adverse final judgment or approved settlement." Dong Decl., Ex. B at 4. This includes allegations that a Microsoft Product "infringe[s] any patent" – the very accusations that Biogy has leveled

7

against Ameritas due to Ameritas's use of a Microsoft product, which Biogy identifies in its claim chart. *See* Dong Decl. ¶ 2, Ex. A ("Notice of Apparent Infringement of U.S. Patent Number 7,669,236" with accompanying "claim chart"). Microsoft therefore shows a "reasonable potential of indemnification liability" based on Biogy's allegations against Microsoft to its customers. *See Mitek II*, 139 F.4th at 1353. This is sufficient to establish Microsoft's standing to bring this declaratory relief action.

### D.    Discretionary Declination of Jurisdiction Over Declaratory Action

"Given the Declaratory Judgment Act's use of the word 'may,' 28 U.S.C. § 2201(a), the Supreme Court has stated that a district court has 'unique and substantial discretion in deciding whether to declare the rights of litigants.' " *Mitek I*, 34 F.4th at 1347 (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). "[A]s long as a district court acts in accordance with the purposes of the Declaratory Judgment Act and the principles of sound judicial administration, [it] has broad discretion to refuse to entertain a declaratory judgment action." *Mitek I*, 34 F.4th at 1347 (citation and internal quotation marks omitted). However, "[t]here must be well-founded reasons for declining to entertain a declaratory judgment action." *Mitek I*, 34 F.4th at 1347 (quoting *Capo, Inc. v. Dioptics Medical Products*, 387 F.3d 1352, 1355 (Fed. Cir. 2004)). For example, "[w]hile the existence of another adequate remedy does not necessarily bar a declaratory judgment, district courts may refuse declaratory relief where an alternative remedy is better or more effective." *Mitek I*, 34 F.4th at 1347 (quoting *Ford Motor Co. v. United States*, 811 F.3d 1371, 1379-80 (Fed. Cir. 2016)).

Here, Biogy avers that the Court should follow the course set by the district court in *Mitek II* and dismiss Microsoft's declaratory relief case to instead permit Microsoft to intervene in the next litigation, if any, brought by Biogy against an Microsoft customer. *See* Dkt. No. 12 at 18; *see also Mitek II*, 139 F.4th at 1355 (affirming the district court's determination that "the 'best' way for Mitek to defend its software would be 'to intervene, either as of right or permissively, in the next litigation, if any, brought by USAA against a Mitek customer which asserts the [patents-in-suit].' " (citation omitted)). Microsoft distinguishes the facts here from those in *Mitek*, noting that Biogy's claims of infringement challenge its products as they currently stand, unlike the

United States District Court
Northern District of California

charges of infringement based on a customer's customization of a software product in *Mitek*. *See* Dkt. No. 43 at 21-22. Indeed, in *Mitek*, to assess whether the accused products potentially infringed, a factual analysis of the products' customization for an end user was necessary, requiring at least one of the plaintiff's customers to be involved in the case – the district court and the Federal Circuit determined that the dispute would prove better suited for adjudication if the declaratory judgment plaintiff waited for the patentee to bring an enforcement action against one of the customers. *Mitek II*, 139 F.4th at 1347. Given this distinction and the claims of direct infringement Biogy has lobbed against Microsoft's TOTP products as distributed (not as customized), this case is already ripe for adjudication. The Court does not decline jurisdiction as a matter of discretion.

## III.    CONCLUSION

For the foregoing reasons, the Court finds that Microsoft has standing to pursue this action seeking a declaration of patent non-infringement. The Court therefore **DENIES** Biogy's motion to dismiss.

**IT IS SO ORDERED.**

Dated: February 23, 2026

ARACELI **MARTÍNEZ-OLGUÍN**
**United States District Judge**